# Federal Defenders
## OF NEW YORK, INC.

Eastern District
One Pierrepont Plaza-16th Floor, Brooklyn, NY 11201
Tel: (718) 330-1200 Fax: (718) 855-0760

Leonard F. Joy
*Executive Director and
Attorney-in-Chief*

*Eastern District*
Peter Kirchheimer
*Attorney-in-Charge*

August 22, 2010

**BY ECF and HAND**
Honorable Roslynn R. Mauskopf
United States District Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

    Re:    **United States v. Andrew Turpin**
             **09 CR 797**

Dear Judge Mauskopf:

    I write on behalf of my client, Andrew Turpin, who is currently awaiting sentencing for a violation of 21 U.S.C. §960(b). As an initial matter we do not object to the guidelines calculation set forth in the PSR which estimates an applicable guidelines range of 24-30 months. Nevertheless, we believe that either a downward departure or a non-guidelines sentence to one year and one day is appropriate in this case. Mr. Turpin has struggled with extraordinary family circumstances for his entire adult life. While these circumstances do not justify his conduct, we urge the Court to consider them in determining an appropriate sentence in this case.

## BACKGROUND

    Mr. Turpin is reserved when discussing both his difficult upbringing and his current family circumstances. At the age of 16, he dropped out of school to start working because his parents were unable to provide financial support for the family. His mother, previously the sole financial provider, suffered from medical conditions that rendered her unable to work. Andrew's father, who had left the house when he was seven, simply stopped working. Consequently, at a young age, the responsibility of providing for the family fell squarely on young Andrew Turpin's shoulders. As the Presentence Report indicates, Andrew worked non-stop with no gaps in his employment history over the next sixteen years to support his family. He provided primary financial support to his siblings, and even his parents. In fact, even though is father abandoned him, Mr. Turpin would nevertheless give him money once or twice each month out of his deeply held sense of duty to his family.

As an adult, Mr. Turpin now has his own family to support. Since this case began, his ten year old daughter Lexus Turpin has been residing with her mother in Trinidad. Although Lexus's mother is a college graduate, she earns $325 per month, as an after-school tutor. This amounts to only $4,500 a year. During the past eight months of Andrew's incarceration, Lexus has lost the $125 of support that he was previously providing. The Presentence Report wrongly suggests that Andrew's wife Isha Shea is able to make contributions while Andrew is incarcerated. Isha's annual income is $25,000 and she lives in Brooklyn with her 13 year old daughter. She has not covered Andrew's child support payments, and it is unlikely that her financial position will improve to a point where she could cover the loss of Mr. Turpin's financial support. Beyond the financial support, Mr. Turpin is an invaluable source of emotional support for his daughter as well. Although Andrew does not live with Lexus's mother, he saw her every day in Trinidad. He was a daily presence in her life. Andrew would help her with homework, take her for ice cream, talk with her, and read to her. He looks forward to reuniting with her when he is returned to Trinidad.

In addition to Lexus, Andrew is an important care giver to his sister Karlene Turpin. Andrew and Karlene Turpin are the only surviving members of what used to be a family of five. Three family members died within 5 years. In 2001, their mother, who suffered from kidney disease, passed away. Two years later, their father died of a heart attack. Then in 2006, Andrew and Karlene's younger brother Randolph died of AIDS, only one week after he was diagnosed with HIV. Although Karlene is only 36, HIV has debilitated her to such a degree that has been unable to work for the past several years. Divorced from her husband, she has two children who are unsupported by her ex-husband. Mr. Turpin provides her with weekly donations of 100 dollars. Moreover, she relies on him to take her to the hospital, take medication, and make dinner for her two children. Mr. Turpin's stable emotional and financial support is critical to Karlene and her children's well being.

## EXTRAORDINARY FAMILY CIRCUMSTANCES ARE A VALID GROUND FOR EITHER A DOWNWARD DEPARTURE OR A NON-GUIDELINES SENTENCE

The Second Circuit has recognized that extraordinary family circumstances, which are "by their nature not capable of adequate consideration," are valid grounds for departure. United States v. Johnson, 964 F.2d 124, 128 (2d Cir. 1992). The purpose of downward departures for family circumstances is to avoid "extraordinary destruction" on those persons who depend on the defendant. Id at 129. In determining whether the hardship suffered by the defendant's family rises above the ordinary, the Second Circuit has taken into consideration the age of the dependent, and whether she is under 18. See United States v. Galente, 111 F.3d 1029, 1032 (2d Cir. 1997); United States v. Johnson, 964 F.2d 124 (2d Cir. 1992); United States v. Alba, 933 F.2d 1117, 1122 (2d Cir. 1991); United States v. Madrigal 331 F.3d 258, 260 (2d Cir. 2003). The availability of adults who can assist in providing emotional and financial support while the defendant is incarcerated is a "central part" of the inquiry. United States v. Huerta, 371 F.3d 88, 95 (2d Cir. 2004).

In this case, Andrew's incarceration has caused extraordinary hardship on his daughter Lexus. She shares a close bond with her father, and is unable to physically visit him. There are no other adults who can assist in providing the financial support that Lexus needs. Moreover, the court should give weight to Lexus' financial needs. Lexus's total financial support totals only $5,000. Additionally, she has no real extended family to provide her support. Lexus's grandparents have passed away, her uncle died of AIDS, and her aunt now has HIV. All of these factors suggest that a below guidelines sentence is appropriate here.

## THE INSTANT OFFENSE

While we do not intend to diminish the seriousness of Mr. Turpin's conduct, we nevertheless ask the Court to consider the circumstances surrounding Mr. Turpin's decision to commit this offense. Mr. Turpin was under extraordinary pressure to provide for his daughter, his sister, and his nieces. He has worked steadily, without interruptions, since he was sixteen years old to provide for his family. The temptation of making seemingly easy money was too much for Mr. Turpin to resist. These circumstances led Mr. Turpin to make the foolish decision to work as a drug courier.

To his credit, Mr. Turpin has taken the past ten months of incarceration to reflect upon his life. He does not view his familial obligations as an excuse for his conduct. He knows that he alone is responsible for his mistake. In fact, he now understands that his foolish decision making has only jeopardized his family, and placed them in a worse position than they were before. He understands that he must be punished for his actions and is prepared to accept whatever sentence the Court deems appropriate.

## CONCLUSION

As he will tell you in his own words at sentencing, Andrew Turpin is deeply remorseful for his conduct. While his conduct is undeniably serious, we ask the Court to consider his family circumstances in determining an appropriate sentence. For the reasons set forth above, we respectfully submit that a sentencing of one year and one day is sufficient but not greater than necessary to achieve the goals of sentencing in this case.

Thank you for your consideration,

Len Kamdang,
Counsel to Andrew Turpin
Federal Defenders of New York, Inc.
One Pierrepont Plaza, 16th Floor
Brooklyn, NY 11201
(718)407-7414

Courtesy Copies:

Alexis Collins, AUSA (via ECF)